

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**Nos.**
**WR-80,778-01**
**WR-80,778-02**
**WR-80,778-03**

**EX PARTE KIRK BENNETT, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. D-1-DC-11-205487-A, D-1-DC-11-205488-A, AND D-1-DC-11-205489-A**
**IN THE 147TH DISTRICT COURT**
**FROM TRAVIS COUNTY**

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of six counts of burglary of a habitation as a habitual felon, and he was sentenced to six concurrent terms of thirty years' incarceration. There were no direct appeals.

The State charged Applicant in three indictments with three separate burglary offenses. Each

indictment alleged two counts: (1) Applicant entered the victim's habitation and attempted to commit or committed theft; and (2) Applicant entered the victim's habitation with intent to commit theft.[1] *See* TEX. PENAL CODE § 30.02(a)(1), (a)(3). Applicant pled guilty under plea agreements disposing of the three indictments together. A total of six convictions, i.e., two counts per each of the three indictments, were entered. According to trial counsel and the prosecutor, however, the plea agreements only called for three convictions—one for each indictment. The trial court finds that trial counsel and the prosecutor are credible, and the transcription of the plea hearing supports their assertions as well. The trial court finds as follows:

> The judgments should be corrected to reflect only one conviction per indictment. As such, the judgment for cause number D-1-DC-11-205487 should reflect one conviction (count 1 only, enhanced), cause number D-1-DC-11-205488 should reflect one conviction (count 1 only, enhanced), and the judgment for cause number D-1-DC-11-205489 should reflect one conviction (count 2 only, enhanced).

The trial court's findings are supported by the habeas records supplied to this Court.

Relief is granted. Applicant is only convicted of the three burglary offenses as the trial court finds above. Accordingly, the judgments in Cause Nos. D-1-DC-11-205487 (count 2 only), D-1-DC-11-205488 (count 2 only), and D-1-DC-11-205489 (count 3 only), all in the 147th District Court of Travis County, are vacated. All other relief is denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 1, 2014
Do not publish

---

[1] The -03 burglary indictment also alleged as a count that Applicant entered and attempted to commit or committed robbery, but there is no conviction in the record for this count.